**IN THE UNITED STATES COURT OF INTERNATIONAL TRADE**

|  |  |
|---|---|
| Koch Supply & Trading LP | ) |
|  | ) |
| *Plaintiff,* | ) |
| v. | ) |
|  | ) |
| THE UNITED STATES, | ) |
|  | ) |
| DONALD J. TRUMP, | ) |
| President of the United States, | ) |
|  | ) |
| and | ) |
|  | ) |
| MARK A. MORGAN | ) |
| Acting Commissioner, U.S. Customs and Border Protection | ) |
|  | ) |
| *Defendants.* | ) |

Court No. 1:20-cv-00063

## COMPLAINT

Plaintiff Koch Supply & Trading LP ("Koch") submits this complaint contesting denial of a duty protest, seeking refund of duties previously paid, and seeking equitable relief against the imposition of unlawful duties by the United States on the importation of aluminum from Canada and Mexico. The imposition of the unlawful duties occurred after the Secretary of Commerce determined that the importation of aluminum from all countries "threaten[s] to impair" the national security of the United States and the President issued related on Proclamations March 8, March 22, and May 31 (the "Proclamations").

## JURISDICTION

1.      Plaintiff seeks a return of duties previously paid, declaratory and injunctive relief against unlawful import restraints on aluminum based on the Proclamations, and an order of this

Court enjoining defendants from enforcing the 10% tariff on imports of certain aluminum products from Canada and Mexico and other trade barriers imposed by Presidential Proclamation 9704 of March 8, 2018 as subsequently amended by Proclamations 9710, 9739, and 9758.

2.       Plaintiff's claims arise under: the United States Constitution; Section 232, 19 U.S.C. § 1862, governing restrictions on imports imposed for reasons other than raising of revenue; and the Tariff Act of 1930 ("Tariff Act"), 19 U.S.C. § 1862, governing the protest of duties imposed on imports.  This Court has jurisdiction over this case pursuant 28 U.S.C. § 1581(a) and (i)(2),(4).

## PARTIES

3.       Plaintiff is a limited partnership organized under the laws of the State of Delaware with its principal place of business in Wichita, Kansas.  Plaintiff is an importer of aluminum covered by the Section 232 tariffs discussed herein.  In 2018, Plaintiff paid 10% Section 232 import duties on aluminum imports from Canada under the Proclamations.  These duties totaled $611,336.00.

4.       Defendant United States of America is the entity to which Plaintiff paid the 10% Section 232 tariffs on its aluminum imports from Canada and is the statutory defendant under section 28 U.S.C. § 1581(a) and (i)(2),(4).

5.       Defendant Donald J. Trump is the President of the United States who, after receiving the above-referenced recommendation from the Department of Commerce, purported to impose the 10% tariffs and other import restrictions on imported aluminum products that are the basis of this action.

6.       The Defendant Mark A. Morgan is the Acting Commissioner, U.S. Customs and Border Protection ("Customs"), which is charged with assessment and collection of Customs

duties and fees and which administers and enforces the trade restrictions challenged in this action.

## STANDING

7.      Plaintiff has standing to file this action because it has suffered injury-in-fact as a result of the President's Proclamations and the imposition of duties on Plaintiff's imports of aluminum from Canada related thereto.

8.      Plaintiff has standing to bring its claim for refund of improperly imposed duties pursuant to 28 U.S.C. § 2631(a) because it is "contesting the denial of a protest, in whole or in part, under section 515 of the Tariff Act of 1930," and Plaintiff is "the person who filed the protest pursuant to section 514 of such Act."

9.      Plaintiff has standing to sue the President because his actions, which Plaintiff claims are contrary to Section 232, have caused injury-in-fact to its businesses and financial interests as a result of the imposition of unlawful aluminum duties on Plaintiff and the ongoing imposition of 10% tariffs on any future imports of aluminum by Plaintiff from Canada or Mexico.

## THIS ACTION IS TIMELY

10.      Under 28 U.S.C. § 2636(a), this action is timely because it was filed within 180 days of the denial of Plaintiff's protest of the Section 232 tariffs on its imports of aluminum from Canada.

11.      Under 28 U.S.C. § 2636(i), this action is timely because it was filed within two years of the President's improper imposition of duties via the Proclamations – specifically, the imposition of aluminum duties on imports from Canada and Mexico effective June 1, 2018.

## OVERVIEW OF SECTION 232

12.      Section 232 directs the Secretary of Commerce (the "Secretary"), on the application of any "department or agency," the request of an interested party, or on his own motion, to undertake an investigation to determine the effects of imports of a particular article of commerce on the national security (the "subject article"). 19 U.S.C. § 1862(b)(1).

13.      After following certain procedural steps, including consultation with the Secretary of Defense, the Secretary is required to submit a report to the President within 270 days after the initiation of the investigation, which includes the Secretary's findings on whether the article being investigated is being imported into the United States "in such quantities or under such circumstances as to threaten to impair the national security," and his recommendations for action by the President, if the Secretary makes an affirmative finding. 19 U.S.C. § 1862(b)(3)(A).

14.      The President must decide within 90 days after the Secretary's report whether to concur with the findings of the Secretary, and, if he concurs, to "determine the nature and duration of the action that, in the judgment of the President, must be taken to adjust the imports of the [subject] article and its derivatives so that such imports will not threaten to impair the national security." 19 U.S.C. § 1862(c)(1). The President must determine the "action" within 15 days of concurring with the Secretary's findings. 19 U.S.C. § 1862(c)(1).

15.      If the President determines that the "action" to be taken is "the negotiation of an agreement" to limit imports into the United States, and no agreement is entered into within 180 days after the date on which the determination is made, "the President shall take such other actions as the President deems necessary to adjust the imports" of the article. 19 U.S.C. § 1862(c)(3)(A).

## OVERVIEW OF THE TARIFF ACT OF 1930

16.     The Tariff Act authorizes the United States to impose duties on imported merchandise.  In order to import merchandise, the importer must make "entry" of the merchandise by filing required documentation with Customs. 19 U.S.C. § 1484; 19 C.F.R. § 141.4.  The process by which the proper amount of duty is determined is known as "liquidation."

17.     Under section 515 of the Tariff Act, an importer may challenge Customs' liquidation of imports by filing a "protest" with Customs. 19 U.S.C. §§ 1514(e), 1515.  If Customs denies a protest, it must notify the importer in writing of the denial. 19 U.S.C. § 1515(a).  Upon receipt of notice of denial of a protest, the importer may contest the denial by filing suit in this Court. 19 U.S.C. § 1514(a).

18.     To institute an action contesting the denial of a protest, the importer must have paid "all liquidated duties, charges, or exactions . . . at the time the action is commenced . . . ." 28 U.S.C. § 2637(a)

## HISTORY OF THE REPORT AND PROCLAMATIONS

19.     The Secretary initiated an investigation into the impact of steel and aluminum on the national security interest of the United States at the direction of defendant President Trump on April 20, 2017.  The investigation was announced in a notice published in the Federal Register on April 26, 2017.  *See* 82 Fed. Reg. 19205.

20.     The Secretary's Report was publicly released on February 16, 2018 and concluded that imports of steel and aluminum, as defined in the report, threatened to impair the national security within the meaning of Section 232.

### THE PRESIDENTIAL PROCLAMATIONS

21.     The President has issued the following Proclamations regarding aluminum import restrictions under Section 232 that are relevant to this action: Proclamation 9704 (March 8, 2018); Proclamation 9710 (March 22, 2018); Proclamation 9739 (April 30, 2018); and Proclamations 9758 (May 31, 2018).

22.     On March 8, 2018, President Trump issued Proclamation 9704, which imposed a 10% increase in tariffs on all imported aluminum articles from all countries except Canada and Mexico with an effective date of March 23, 2018.

23.     On March 22, 2018, President Trump issued Proclamation 9710, which modified Proclamation 9704 to exempt aluminum imports from certain countries, and to continue exempting aluminum imports from Canada and Mexico, on the ground that negotiations were proceeding with those countries to limit imports.

24.     On April 30, 2018, President Trump issued Proclamation 9739, which modified the previous Proclamations to continue exempting imports from Canada and Mexico among others.

25.     On May 31, 2018, President Trump issued Proclamation 9758, which modified the previous Proclamations to impose duties on imports of aluminum from Canada and Mexico, among other countries.  The duties became effective on June 1, 2018.

26.     On May 19, 2019, President Trump issued Proclamation 9893, which terminated the tariffs on aluminum imports from Canada and Mexico, effective May 23, 2019.

### PLAINTIFF'S PROTESTS

27.     On January 15, 2020, Plaintiff submitted a protest challenging Customs' decisions to impose 10% Section 232 duties – in accordance with the Proclamations – on entry BER-

5090551-0 of aluminum from Canada on August 8, 2018. The amount in controversy for the protest was $294,330.90. Customs denied this protest as untimely on February 4, 2020.

28.      On January 15, 2020, Plaintiff submitted a second protest challenging Customs' decisions to impose 10% Section 232 duties – in accordance with the Proclamations – on entry BER-5093210-0 of aluminum from Canada on September 21, 2018. The amount in controversy for the protest was $317,005.10. On February 14, 2020, Customs denied this protest on the grounds that the "[p]rotest is non-protestable. CBP does not have the discretion to determine whether the President's actions in imposing Section 232 duties were unlawful, nor does CBP have the discretion to decline to assess such duties."

29.      Plaintiff was the importer of aluminum for purposes of both entries.

## COUNT 1 – DENIAL OF PROTEST

30.      The allegations in the paragraphs above are incorporated herein by reference.

31.      Customs' denial of Plaintiff's protest for entry BER-5093210-0 was improper, arbitrary, capricious, an abuse of discretion, and otherwise contrary to law.

32.      Customs lacked lawful authority to assess the duties at issue in the protest because the Proclamations were invalid as a matter of law.

33.      Plaintiff satisfied all of necessary pre-requisites for submitting its protest, including filing the protest within 180 days of the date of liquidation.

34.      Customs' denial of Plaintiff's protest for entry was therefore improper.

35.      Plaintiff has paid all liquidated duties associated with the protest for entry for entry BER-5093210-0 prior to filing this case.

## COUNT 2 – FAILURE TO TAKE TIMELY "ACTION" UNDER SECTION 232

36.      The allegations in the paragraphs above are incorporated herein by reference.

37.     Section 232 requires the President to announce "action" within 15 days of determining that imports present a threat to United States national security.  The President made this determination on March 8, 2018 in Proclamation 9704.

38.     Within 15 days of March 8, 2018, the President announced that his purported "action" with respect to tariffs on aluminum imports from Canada and Mexico was to be negotiations regarding the reduction of such imports.  While the United States subsequently negotiated other trade issues with Canada and Mexico, upon information and belief, the United States failed to negotiate specifically with respect to the imports subject to the Section 232 tariffs.

39.     In light of this failure, the President did not in fact take "action" within 15 days of his determination of a threat to national security interests, and the subsequent announcement of the President's decision to impose tariffs on aluminum imported from Canada and Mexico – on May 31, 2018 – was therefore long after the President's statutory authority to take "action" under Section 232 had expired.

40.     The President's imposition of tariffs on aluminum imports from Canada and Mexico under Proclamation 9758 was therefore beyond the President's statutorily delegated authority and was contrary to law.

## COUNT 3 – ADDITIONAL UNTIMELY "ACTION" UNDER SECTION 232

41.     The allegations in the paragraphs above are incorporated herein by reference.

42.     Section 232 contemplates that the "action" that the President can announce within 15 days of determining that imports present a threat to United States national security can be negotiation with respect to such imports.  If negotiation is the "action" selected by the President, then Section 232 only permits the President to take alternative "action" – such as the imposition

of tariffs – 180 days after the date the decision to negotiate was made if no agreement has been reached by that time.

43.     Following the President's announcement of the purported "action" of negotiating with Canada and Mexico regarding Section 232 tariffs, the President was therefore required to wait at least 180 days before imposing tariffs on aluminum imports from those countries unless a negotiated agreement was reached prior to that time.

44.     In this case, the President failed to wait the 180-day period following his announcement of negotiations with Canada and Mexico as statutorily required.  Instead, the President announced the tariffs on imports of aluminum from Canada and Mexico on May 31, 2018, just 70 days after announcing the opening of the negotiation period.

45.     The President's imposition of tariffs on aluminum imports from Canada and Mexico under Proclamation 9758 was therefore beyond the President's statutorily delegated authority and was contrary to law.

## COUNT 4 – UNCONSTITUTIONAL DELEGATION OF AUTHORITY

46.     The allegations in the paragraphs above are incorporated herein by reference.

47.     Congress has the exclusive "power to lay and collect taxes, duties, imposts and excises" and "to regulate Commerce with foreign nations." U.S. CONST. art. 1, § 8.

48.     Through Section 232, Congress has purported to vest the President with certain authority to regulate commerce with foreign nations in response to imports into the United States in such quantities or under such circumstances as to threaten to impair the national security of the United States.

49.     The President has no independent constitutional authority to regulate commerce with foreign nations in response to imports into the United States in such quantities or under such circumstances as to threaten to impair the national security of the United States.

50.     Section 232 is an unconstitutional delegation of Commerce's exclusive "power to lay and collect taxes, duties, imposts and excises" and "to regulate Commerce with foreign nations."

51.     The President's issuance of the Proclamations pursuant to Section 232 in this case are therefore void as exceeding the President's constitutional authority.

## DEMAND FOR JUDGMENT AND PRAYER FOR RELIEF

Plaintiff respectfully requests that this Court:

a.  Enter a judgment in favor of Plaintiff;

b.  Issue a declaration that the President's imposition of tariffs on aluminum from Canada and Mexico pursuant to the Proclamations are contrary to law and therefore invalid;

c.  Issue a permanent injunction against the enforcement of any tariff on aluminum from Canada and Mexico pursuant to the Proclamations;

d.  Order that the Defendants refund to Plaintiff all duties paid by Plaintiff on any aluminum imports from Canada and Mexico under the Proclamations;

e.  Award Plaintiff its costs and reasonable attorney fees under applicable provisions of law; and

f.  Grant such other relief as the Court may deemed appropriate.

Date: March 23, 2020

/s/ Kenneth G. Weigel
Kenneth G. Weigel
Alston & Bird LLP

950 F Street NW
Washington, DC 20004
Telephone: 202-239-3431
E-mail: Ken.Weigel@alston.com